# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Troy G.,**
**Petitioner Below, Petitioner**

**FILED**

January 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) **No. 11-0959** (Logan County 05-C-357 & 05-C-371)

**David Ballard, Warden,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner G.'s[1] appeal, filed by counsel D. Adrian Hoosier II, arises from the Circuit Court of Logan County, wherein petitioner's third petition for writ of habeas corpus was denied by order entered on May 12, 2011. Respondent Ballard[2], by counsel C. Casey Forbes, filed a response, along with a supplemental appendix, in support of the circuit court's decision.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

In March of 1996, a jury found petitioner guilty of fifty-seven counts of various sexual offenses. At sentencing, the trial court ordered petitioner to serve forty to one hundred years in prison. Following sentencing, petitioner filed a direct appeal of his convictions, which this Court refused. Petitioner subsequently filed his first petition for writ of habeas corpus in 1997. Without an omnibus evidentiary hearing, the first habeas court denied petitioner's petition. This Court refused the appeal. In 2000, petitioner filed his second petition for writ of habeas corpus in circuit court. After holding an omnibus evidentiary hearing, the second habeas court denied petitioner habeas corpus relief in its fifteen-page order. Petitioner filed his third petition for writ of habeas corpus in November of 2005. The third habeas court denied petitioner habeas corpus relief in its May of 2011 order, from which petitioner now appeals.

---

[1] Because the victim in the underlying case is related to petitioner and was a minor at the time of the sexual offenses, we follow our traditional practice in cases involving sensitive facts and use only petitioner's last initial. *See State v. Edward Charles L.*, 183 W.Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Pursuant to Rule 41(c) of the West Virginia Revised Rules of Appellate Procedure, we have replaced the respondent party's name with Warden David Ballard. The initial respondent on appeal, Thomas McBride, is no longer the warden at Mount Olive Correctional Complex.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

We also bear in mind the following:

> A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

Syl. Pt. 4, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

On appeal, petitioner argues that the third habeas court erred in failing to make findings of fact and conclusions of law concerning his allegation of ineffective habeas counsel from his first habeas petition. Respondent Ballard responds that the third habeas court found that petitioner's arguments concerning ineffective habeas counsel were previously addressed by the circuit court in petitioner's prior petitions for writ of habeas corpus. We agree and find no abuse of discretion or error by the third habeas court. A review of the record reflects that the second habeas court made findings and conclusions as to petitioner's claim that he was denied effective assistance of habeas counsel for his first petition.

Petitioner also argues that the third habeas court erred in denying him habeas corpus relief by failing to make findings of fact concerning his contention that he was denied due process at the grand jury proceedings. Petitioner argues that the grand jury in his underlying criminal matter consisted of only fifteen members, rather than the requisite number of sixteen members. In response, Respondent Ballard argues that the instant habeas court did not err with regard to addressing this issue because it found that petitioner waived any issues he did not raise in his two previous habeas corpus petitions and further, this issue is not constitutional in nature and is not subject to review in a habeas proceeding. Nevertheless, respondent argues that even if this issue is reviewed, there was no error by the trial court because Rule 6(a) of the West Virginia Rules of Criminal Procedure explains that "[t]he grand jury shall consist of 16 members, but any fifteen or more members attending shall constitute a quorum." Our review of the record reflects no error or abuse of discretion by the instant habeas court with regard to this issue.

2

Lastly, petitioner argues that the third habeas court erred in denying petitioner habeas corpus relief based on newly discovered evidence. In particular, petitioner argues that affidavits given by two witnesses contain information that would have dramatically changed the outcome of his trial by changing the number of counts for which he was convicted. Respondent Ballard responds that the habeas court made findings and conclusions that these affidavits contained material that was available to petitioner before or at the time of trial and do not constitute newly discovered evidence. Moreover, the Court has held as follows:

> "'A new trial will not be granted on the ground of newly-discovered evidence unless the case comes within the following rules: (1) The evidence must appear to have been discovered since the trial, and, from the affidavit of the new witness, what such evidence will be, or its absence satisfactorily explained. (2) It must appear from facts stated in his affidavit that [defendant] was diligent in ascertaining and securing his evidence, and that the new evidence is such that due diligence would not have secured it before the verdict. (3) Such evidence must be new and material, and not merely cumulative; and cumulative evidence is additional evidence of the same kind to the same point. (4) The evidence must be such as ought to produce an opposite result at a second trial on the merits. (5) And the new trial will generally be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side.' Syllabus Point 1, *Halstead v. Horton,* 38 W.Va. 727, 18 S.E. 953 (1894)." Syllabus, *State v. Frazier,* 162 W.Va. 935, 253 S.E.2d 534 (1979).

Syl. Pt. 3, *In re Renewed Investigation of the State Police Crime Lab., Serology Div.*, 219 W.Va. 408, 633 S.E.2d 762 (2006). Respondent argues that these affidavits do not satisfy all prongs of the five-part test, and therefore, even if they did constitute newly discovered evidence, a new trial would not be warranted. Our review of the record uncovers no error by the circuit court in denying habeas corpus relief to petitioner based on this argument. Having reviewed the circuit court's "Order" entered on May 12, 2011, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal.[3] The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we affirm the circuit court's decision denying habeas corpus relief.

Affirmed.

---

[3] Consistent with our explanation in the first footnote of this memorandum decision, the parties' names in the circuit court order have been redacted to leave only their initials.

**ISSUED:  January 14, 2013**

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

# IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

TROY G

Petitioner,

v.

THOMAS MCBRIDE, WARDEN,

Respondent.

CIVIL ACTION NOS. 05-C-357-O
05-C-371-O

## O R D E R

This matter is before the Court on the Respondent's Motion for Summary Judgment or Alternatively Motion to Dismiss. The Court has before it the Motion and Memorandum in support thereof and the Petitioner's response; the arguments of counsel; and those matters which have been previously adjudicated and are hereby judicially noticed from 95-F-85-O, 97-C-248-O, and 00-C-100-P, from all of which,

The Court makes the following Findings of Fact and Conclusions of Law:

1.      The Petitioner was convicted of multiple offenses following a Jury Trial in this Court as reflected by Order entered on October 2, 1996, in Case No. 95-F-5-O.

1

2. The Appeal of that conviction was denied by the West Virginia Supreme Court of Appeals by its Order entered September 22, 1997.

3. By Order of this Court dated January 12, 1999, in Civil Action 97-C-248, the Petitioner's first Petition for a Writ of Habeas Corpus was denied. He was advised at that time that all matters of which he complained had to be brought forward and that the failure to raise any other grounds other than those set forth in this Petition constituted a knowing and intentional waiver of other grounds which might have been applied to his case.

4. His Petition for Appeal of the ruling in 97-C-248 was denied by the West Virginia Supreme Court of Appeals by its Order dated May 6, 1999.

5. The Petitioner filed a second Petition for a Writ of Habeas Corpus in Case 00-C-100-P. As part of the pleadings filed by the Petitioner in that case, a _Losh v. McKenzie_, 166 WV 762, 277 SE 2d 606 (1981), list was considered by the Court which denied the Petition by Order entered November 3, 2003, in which the Court addressed all thirty-one (31) grounds set forth in the Petition.

2

6. On July 21, 2008, the Respondent filed his Objections/ Response to the State's Motion to Dismiss and/or Motion for Summary Judgment and his Motion to Amend the Original Petition in these cases to include certain new allegations. The amendments included:

1. Claimed constitutional errors, permitting the State to amend the Indictment;

2. That a Prosecutor and the State Trooper intimidated the victim into giving her 2008 affidavit;

3. That the original statement taken from the victim violated *WV Code* §49-6-2 (Correct Reference 49-5-2), in that when the victim was interviewed concerning the allegations of sexual abuse, it was without counsel being present;

4. The State, through its officer, misled the Jury regarding the victim's age at the time of the offenses;

5. That the conviction was obtained through the use of false testimony and, therefore, constitutionally invalid under the Fourteenth Amendment of the United States Constitution.

All of the grounds cited in this Petition, with the exception of those referenced in the victim's 2008 affidavit and the allegation concerning 49-5-2, were previously listed, argued by counsel, and denied by this Court in its November 3, 2003, Order, in Case 00-C-100-P. The Petitioner was previously afforded an evidentiary

3

hearing on all issues as reflected in the transcript available in Case 00-C-100-P, which has been made part of the record in this case.

There is no credible evidence, and therefore, no genuine issue of fact as to whether or not the victim was intimidated by the Prosecutor and/or a State Trooper into giving her 2008 affidavit. Her present counsel has had the opportunity to question her by phone, and no additional documents have been filed questioning the validity of here 2008 affidavit. The Petitioner's claim for relief on this ground is DISMISSED as being without merit.

The Petitioner's reference to 49-5-2 is inappropriately taken. 49-5-2 does not require the victim of sexual abuse to have counsel when interviewed. It is a suspect or defendant that must have counsel when the suspect or defendant is under the age of eighteen (18) and being questioned about such allegations. This Cited section simply does not apply, and the Petitioner's claim for relief on such ground is OVERRULED in its entirety.

The affidavit of Lou Gr      (Petitioner's sister) has to do with the victim's current feelings about her father's incarceration, but any allegations made therein about the victim's testimony at Trial

4

fall short of creating a genuine issue of material fact as to whether or not the victim's testimony was false when she testified that the Defendant committed the acts of which he was convicted. Ms. Gr _'s affidavit mentions statements allegedly made by the victim prior to the Trial, and this is not newly discovered evidence as Ms. G indicates that she told her brother about certain parts of the victim's statements prior to the Trial and for whatever reason she was not called as a witness. Therefore, the Court believes and finds that the Petitioner has had this information since before the Trial in 95-C-85, and such information does not constitute newly discovered evidence. Similarly, the affidavit of Delano G (Petitioner's brother) falls short of creating a genuine issue of material fact that any newly discovered evidence exists that the victim fabricated her testimony at the Trial. Delano G makes reference to him and the Petitioner drinking prior to the Petitioner's arrest and interrogation and also claims that he (Delano) provided the list of approximately thirty (30) witnesses to someone at the start of the Trial. He claimed a Juror (now deceased) followed family members to lunch and claims there was

5

a woman on the Jury who knew some of the family members as she had served as his uncle's nurse. This is not newly discovered evidence in that it was known to the Petitioner and/or disclosed contemporaneously with the Trial in 95-C-85, and, if disclosed, counsel made the strategic decision not to use it.

Additionally, these witnesses seem to place some emphasis on whether or not the victim consented to the sexual acts of her father. Consent was not an issue nor a defense, and the fact that the victim may now feel that the Petitioner has served enough time is not grounds for reversal of the convictions but is information that could be considered by the Parole Board when the Petitioner becomes eligible for parole.

IN SUMMARY, the Court believes and finds that the information provided by affidavit does not constitute or sufficiently raise a genuine issue of material fact that there is alleged newly discovered evidence which should merit further hearings on this matter. The other issues raised by the Petitioner have been previously addressed by this Court in 97-C-248-O and 00-C-100-P, and if not raised therein, such issues were waived by the

6

Petitioner. Accordingly, it is

ADJUDGED, ORDERED, and DECREED that the Respondent's Motion for Summary Judgment and Motion to Dismiss are GRANTED, and the Petitioner's Petition for a Writ of Habeas Corpus is DISMISSED in its entirety as being without merit and also, where previously noted, having been previously adjudicated.

The Defendant, *pro se*, filed a motion to amend his complaint to add the Assistant Prosecuting Attorney as a party. This motion is without merit in this civil action and is respectfully OVERRULED.

The Clerk will enter this Order and forward the same to counsel and shall thereafter remove 05-C-357, and 05-C-371 from the docket of the Court and shall once again administratively close 95-C-85-O, 97-C-248-O, and 00-C-100-P. A copy of this Order shall be placed in each file.

Enter this 12th day of _____May_____, 2011

ERIC H. O'BRIANT, CIRCUIT JUDGE

7